# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| JAMES I. LENOIR, <br> a/k/a Shyheim Deen El-Mumin, <br><br> Plaintiff, <br><br> v. <br><br> CHARLES M. MARCEE, et al., <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | <br><br><br><br><br> No. 4:10CV1957 TCM |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of James Lenoir (registration no. 509071), an inmate at South Central Correctional Center, for leave to commence this action without payment of the required filing fee [Doc. #2]. For the reasons stated below, the Court finds that plaintiff does not have sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $1.98. See 28 U.S.C. § 1915(b)(1). Furthermore, after reviewing the complaint, the Court will partially dismiss the complaint and will order the Clerk to issue process or cause process to be issued on the non-frivolous portions of the complaint.

### 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has

insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. Id.

Plaintiff has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint. A review of plaintiff's account indicates an average monthly deposit of $9.92, and an average monthly balance of $0.07. Plaintiff has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $1.98, which is 20 percent of plaintiff's average monthly deposit.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from

such relief. An action is frivolous if it "lacks an arguable basis in either law or fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989); Denton v. Hernandez, 504 U.S. 25, 31 (1992). An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. Spencer v. Rhodes, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), aff'd 826 F.2d 1059 (4th Cir. 1987). A complaint fails to state a claim if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).

**The Complaint**

Plaintiff brings this action under 42 U.S.C. § 1983 and state tort law. Named as defendants are Charles Marcee (Correctional Officer, Eastern Reception Diagnostic and Correctional Center), Unknown Lewis (Functional Unit Manager, ERDCC), Unknown McFerren (Lieutenant, ERDCC), and Steve Larkins (Warden, ERDCC). Plaintiff seeks declaratory, injunctive, and monetary relief.

Plaintiff alleges that on February 7, 2010, defendant Marcee brought him a food tray with "cigar butts/grounds all over the bread and what appeared to be spit from chewing tobacco." Plaintiff says he attempted to refuse the food tray but that Marcee tried to force him to keep it. Plaintiff claims he managed to throw the food tray out of his cell on to the floor and that some of the food got on to Marcee's uniform. Plaintiff

alleges that Marcee then "attacked" him, smashing his fingers, hands, and arms all while using derogatory language. Plaintiff states that Marcee then sprayed him several times with pepper spray. All the while, plaintiff was defying Marcee and holding the food port open. Plaintiff says that when the pepper spray did not deter him, Marcee began striking him with the pepper spray can. Plaintiff alleges that when the incident was over, he requested to see medical; Marcee, however refused to allow him to see the nurse and turned the water in his cell off. Plaintiff claims that he went without medical treatment and without being able to wash himself with water for several hours.

Plaintiff states he was called in for a hearing on the incident on March 1, 2010. Plaintiff complains that he was not given notice of the hearing, that he was not allowed to call witnesses or introduce evidence, and that he was not allowed a jailhouse lawyer. Defendants Lewis and McFerren presided over the hearing. During the hearing, says plaintiff, he was found guilty of assaulting Marcee. Plaintiff was sentenced to thirty days disciplinary segregation and ordered to remain in administrative segregation. Plaintiff believes his due process rights were violated.

Plaintiff alleges that he sent grievances to Larkins about the incident. Plaintiff claims that Larkins failed to do anything about Marcee's behavior and that Larkins denied his grievances.

**Discussion**

The complaint survives review under 28 U.S.C. § 1915(e) as to defendant Marcee. As a result, the Court will direct Marcee to respond to the allegations in the complaint.

"Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights." Madewell v. Roberts, 909 F.2d 1203, 1208 (8th Cir. 1990); see also Martin v. Sargent, 780 F.2d 1334, 1338 (8th Cir. 1985) (claim not cognizable under § 1983 where plaintiff fails to allege that defendant was personally involved in or directly responsible for the incidents that injured plaintiff); Boyd v. Knox, 47 F.3d 966, 968 (8th Cir. 1995) (respondeat superior theory inapplicable in § 1983 suits). In the instant action, plaintiff has not set forth any facts indicating that defendant Larkins was directly involved in or personally responsible for the alleged violations of his constitutional rights. As a result, the complaint fails to state a claim upon which relief can be granted as to Larkins.

Plaintiff's only allegations as to defendants Lewis and McFerren relate to his disciplinary hearing, in which he was ordered to spend thirty days in disciplinary segregation. An inmate who makes a due process challenge to his placement in administrative segregation must make a threshold showing that the deprivation of which he complains imposed an "atypical and significant hardship . . . in relation to the

ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 484 (1995). Plaintiff's allegations do not indicate that he suffered the type of atypical and significant hardship that might conceivably give rise to a liberty interest. Id. at 485-86 (no atypical and significant hardship where inmate spent 30 days in solitary confinement): Hemphill v. Delo, 124 F.3d 208 (8th Cir. 1997) (unpublished) (same; 30 days in disciplinary segregation, and approximately 290 days in administrative segregation); Wycoff v. Nichols, 94 F.3d 1187, 1190 (8th Cir. 1996) (same; 10 days disciplinary detention and 100 days in maximum security cell). As a result, the allegations as to defendants Lewis and McFerren fail to state a claim upon which relief can be granted.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial filing fee of $1.98 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that if plaintiff fails to pay the initial partial filing fee within thirty (30) days of the date of this Order, then this case will be dismissed without prejudice.

**IT IS FURTHER ORDERED** that the Clerk shall issue process or cause process to issue upon the complaint as to defendant Charles Marcee.

**IT IS FURTHER ORDERED** that, pursuant to 42 U.S.C. § 1997e(g)(2), defendant Marcee shall reply to plaintiff's claims within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint as to defendants Lewis, McFerren, or Larkins because, as to these defendants, the complaint is legally frivolous or fails to state a claim upon which relief can be granted, or both.

**IT IS FURTHER ORDERED** that this case is assigned to Track 5B: Prisoner Standard.

An appropriate Order of Partial Dismissal shall accompany this Memorandum and Order.

Dated this 27th day of October, 2010.

*/s/ Audrey G. Fleissig*
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE