UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JAMES I. LENOIR, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:10CV01957 JCH |
| ) | |
| CHARLES M. MARCEE, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Defendant's Motion to Dismiss (Doc. No. 17) and Plaintiff's motion for return of legal materials (Doc. No. 27). These matters are fully briefed and ready for disposition.[1]

**STANDARD FOR MOTION TO DISMISS**

In ruling on a motion to dismiss, the Court must view the allegations in the Complaint liberally in the light most favorable to Plaintiff. Eckert v. Titan Tire Corp., 514 F.3d 801, 806 (8th Cir. 2008) (citing Luney v. SGS Auto Servs., 432 F.3d 866, 867 (8th Cir. 2005)). Additionally, the Court "must accept the allegations contained in the complaint as true and draw all reasonable inferences in favor of the nonmoving party." Coons v. Mineta, 410 F.3d 1036, 1039 (8th Cir. 2005) (citation omitted). To survive a motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007) (abrogating the "no set of facts" standard for Fed. R. Civ. P. 12(b)(6) found in Conley v. Gibson, 355 U.S. 41, 45–46 (1957)). While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed

---

[1] Plaintiff has not filed a reply brief in support of his motion for return of legal materials, but the time for filing a reply brief has expired.

factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555; Huang v. Gateway Hotel Holdings, 520 F. Supp. 2d 1137, 1140 (E.D. Mo. 2007).

## BACKGROUND

Plaintiff James I. Lenoir,[1] a prisoner, brought this §1983 claim alleging excessive use of force and denial of medical care in violation of the Eighth Amendment of the United States Constitution. (Complaint ("Compl."), Doc. No. 1, p. 7).[2] Plaintiff also alleges the torts of assault and battery under state law. (Id.).

Plaintiff's lawsuit stems from when he was an inmate in the Eastern Reception Diagnostic and Correctional Center ("ERDCC"). On February 7, 2010, correctional officer defendant Charles Marcee ("Defendant")[3] attempted to deliver a food tray to Plaintiff. (Compl, p. 10). Plaintiff believed that the food tray was contaminated. (Id.). Plaintiff states that he refused to allow the food port to close and he threw his food tray out of his cell and onto the floor in front of his cell (Id.). Plaintiff alleges that Defendant then attacked Plaintiff, smashing his "hands, arms and fingers in the food port." (Id.). Defendant sprayed Plaintiff with pepper spray and struck Plaintiff's hands with the pepper spray can. (Id., p. 11). Finally, Defendant began to bend Plaintiff's fingers back and "[o]nly then did Plaintiff let go [of] the food port." (Id.). Plaintiff alleges that he was "left bleeding from his arms,

---

[1] Plaintiff sometimes refers to himself in the Complaint as Shyheim Deen El-Mu'min. See, e.g., Doc. No. 1, pp. 6-7.
[2] Plaintiff also alleges illegal confinement in segregation in violation of the due process clause of the Fourteenth Amendment of the Constitution. (Compl., p. 7). Confinement in segregation, however, does not rise to the level of a constitutional deprivation under the Fourteenth Amendment. See Orr v. Larkins, 610 F.3d 1032, 1034 (8th Cir. 2010); Phillips v. Norris, 320 F.3d 844, 847 (8th Cir. 2003) ("We have consistently held that a demotion to segregation, even without cause, is not itself an atypical and significant hardship.").
[3] Plaintiff named several defendants, but all of the defendants except Marcee have been dismissed from this litigation.

hands, wrist and fingers", but he was denied access to medical care. (Id.). Plaintiff claims that Defendant did not allow the nurse assess Plaintiff's injuries, and Plaintiff was not able to wash the mace out of his eyes because Defendant turned off the running water. (Compl., pp. 11-12).

On March 1, 2010, Plaintiff was called for an interview in a disciplinary hearing. (Compl., p. 12). Plaintiff complains that he did not receive prior notice of the hearing and, consequently, did not have inmate counsel and was unable to present evidence and call witnesses. (Id.). Plaintiff also claims that the hearing violated ERDCC's policy and procedures because the hearing took place 22 days after the alleged incident and Plaintiff was not provided a copy of the violation or read his rights. (Id.). Plaintiff claims that he was not permitted to call several witnesses. (Compl., p. 13). Plaintiff was disciplined as a result of this incident. (Exhibit A to Plaintiff's Complaint).

On or around August 2, 2010, Plaintiff was charged with a class B felony of committing violence against an employee of the Department of Corrections as a result of the incident with Officer Marcee on February 7, 2010, that also gives rise to the instant Complaint. (Doc. No. 25, Exhibit A).

## DISCUSSION

### I. MOTION TO DISMISS

#### A. Excessive Use of Force

In Heck v. Humphrey, 512 U.S. 477 (1994), the Supreme Court determined that where a judgment in favor of the plaintiff would necessarily implicate the validity of the plaintiff's conviction or the length of his sentence, a cause of action under § 1983 is not cognizable unless the plaintiff can show that his underlying "conviction or sentence had been reversed on direct appeal, declared invalid by a state tribunal authorized to make such a determination, or called into question by the issuance of a federal writ of habeas corpus." Id. at 487; Schafer v. Moore, 46 F.3d 43, 45 (8th Cir. 1995); Edwards v. Balisok, 520 U.S. 641, 648 (1997) (applying rule in § 1983 suit seeking declaratory

relief). A plaintiff in a § 1983 suit may not question the validity of the confinement resulting from a conviction if he does not allege that the conviction has been reversed, expunged, set aside or called into question. Littles v. Bd. of Pardons and Paroles Div., 68 F.3d 122, 123 (5th Cir.1995).

Likewise, a plaintiff in a § 1983 suit cannot question the validity of pending charges. "If such a pre-conviction § 1983 claim could proceed while state criminal proceedings are ongoing, then there would be the potential for inconsistent determinations in the civil and criminal cases." Simshauser v. State, No. 4:06CV1596, 2007 U.S. Dist. LEXIS 3359, at *5 (E.D. Mo. Jan. 17, 2007); see also Nelson v. Suire, No. 4:09CV658, 2009 U.S. Dist. LEXIS 37332 (E.D. Mo. Apr. 29, 2009) (citing Harvey v. Waldron, 210 F.3d 1008, 1014 (9th Cir. 2000) ("Heck applies to pending criminal charges, and . . . a claim, that if successful would necessarily imply the invalidity of a conviction in a pending criminal prosecution, does not accrue so long as the potential for a conviction in the pending criminal prosecution continues to exist."). "In terms of the harm that Heck sought to avoid, there is no difference between a conviction which is outstanding at the time the civil rights action is instituted and a potential conviction on a pending charge that may be entered at some point after the civil rights action is instituted." Simshauser v. State, 2007 U.S. Dist. LEXIS 3359, at *5-6.

Here, Plaintiff has been charged with a class B felony of committing violence against an employee of the Department of Corrections as a result of the incident with Officer Marcee on February 7, 2010. Plaintiff's §1983 claim for excessive use of force necessarily implicates the validity of the charges pending against him. If Plaintiff's claim §1983 claim for excessive use of force were allowed to proceed, the Court would be litigating Plaintiff's civil claim at the same time the state court is determining the criminal charges against Plaintiff on the same set of facts. The potential for inconsistent determinations provides a strong basis for dismissing Plaintiff's claim. Therefore,

Plaintiff's claim for excessive use of force is dismissed, without prejudice, for failing to state a claim on which relief may be granted.

**B.     Assault and Battery**

Defendant claims that Plaintiff's state assault and battery claims are barred by the doctrine of official immunity. (Memorandum, p. 7). Defendant asserts that because Plaintiff's allegations relate to Defendant's attempt to secure the food port, and do not demonstrate that he was acting in bad faith or malice, then the assault and battery claims are barred by official immunity. (Memorandum, p. 7).

The parties did not address the effect of Plaintiff's pending criminal case on his state law claims for assault and battery. As discussed, Heck v. Humphrey, *supra*, is a rule of federal law that applies only to federal causes of action that challenge the validity of a state conviction. At least one court found no reason to distinguish between a section 1983 and a state tort claim arising from the same alleged misconduct and applied the reasoning of Heck to a state claim for battery. See Yount v. City of Sacramento, 43 Cal. 4th 885, 902 (Cal. 2008). The Yount court noted that "Section 1983 creates a species of tort liability (Heck, 512 U.S. at p. 483) and has been described as the federal counterpart of state battery or wrongful death actions. (Susag v. City of Lake Forest, 94 Cal.App.4th [1401,] 1413 [(Cal. App. 4th Dist. 2002)].)." Id. (internal quotations omitted). The Yount court further noted that Yount's common law battery cause of action, like his section 1983 claim, required proof that the officer used unreasonable force and posed the threat of creating two conflicting resolutions arising out of the same or identical transaction. Id.

The Court agrees with the Yount court's reasoning and finds that the reasoning of Heck applies equally to Plaintiff's state law claims. It would be improvident to litigate Plaintiff's state law civil claims against Defendant at the same time Plaintiff was being prosecuted on criminal charges

- 5 -

arising out of the same transaction. The Court grants Defendant's motion to dismiss Plaintiff's assault and battery claim, without prejudice.

## C. Denial of Medical Care

"[A] convicted prisoner must show that prison officials were deliberately indifferent to his medical needs to prove a violation of the eighth amendment." Davis v. Hall, 992 F.2d 151, 152 (8th Cir. 1993) (citing Estelle v. Gamble, 429 U.S. 97, 104, 50 L. Ed. 2d 251, 97 S. Ct. 285 (1976)). "The Eighth Amendment bars correctional officers from imposing unnecessary and wanton pain on inmates, regardless of whether there is evidence of any significant injury." Johnson v. Blaukat, 453 F.3d 1108, 1112 (8th Cir. 2006) (citing Hudson v. McMillian, 503 U.S. 1, 9, 112 S. Ct. 995, 117 L. Ed. 2d 156 (1992)). "Because a § 1983 action is a type of tort claim, general principles of tort law require that a plaintiff suffer some actual injury before he can receive compensation." Irving v. Dormire, 519 F.3d 441, 448 (8th Cir. 2008) (citing Carey v. Piphus, 435 U.S. 247, 253-55, 98 S. Ct. 1042, 55 L. Ed. 2d 252 (1978)). "Claims under the Eighth Amendment require a compensable injury to be greater than *de minimis*." Irving, 519 F.3d at 448 (citing Cummings v. Malone, 995 F.2d 817, 822-23 (8th Cir. 1993)).

> Under the deliberate indifference standard, a prisoner need not show that a prison official acted or failed to act believing that harm actually would befall an inmate; it is enough that the official acted or failed to act despite his knowledge of a substantial risk of serious harm. . . . Whether a prison official had the requisite knowledge of a substantial risk is a question of fact subject to demonstration in the usual ways, including inference from circumstantial evidence, . . . and a factfinder may conclude that a prison official knew of a substantial risk from the very fact that the risk was obvious.

Ambrose v. Young, 474 F.3d 1070, 1076-77 (8th Cir. 2007) (citations omitted).

Defendant asserts that Plaintiff's Complaint does not allege sufficient facts to show that Plaintiff has an objectively serious medical need. Specifically, Plaintiff does not allege any serious or

permanent injury as a result of the incident. Instead, Plaintiff states that he received cuts to his "arms, hands, wrist and fingers" and he suffered continued exposure to pepper spray without running water. (Compl., pp. 11-12). Although Plaintiff claims that his medical treatment was delayed, Exhibit C to his Complaint states that he was "assessed by medical." (Division of Adult Institutions ERDCC Appeal Response, Exhibit C to Complaint, Doc. No. 1-1).

Defendant cites to Wagner v. Bay City, 227 F.3d 316 (5th Cir. Tex. 2000) for the proposition that the under the circumstances here Plaintiff did not allege an objectively serious medical need. (Memorandum in Support of Defendant's Motion to Dismiss ("Memorandum"), Doc. No. 18, p. 8 (citing Wagner, 227 F.3d at 324-25)). In Wagner, the Eighth Circuit reviewed the District Court's dismissal of a deliberate indifference claim of a pretrial detainee under the Fourteenth Amendment at the summary judgment stage. Id. In that case, police officers used pepper spray against an individual to subdue him when he was being disorderly at a restaurant. The officers postponed evaluating his condition and decontaminating the effects of the pepper spray until they transported the pretrial detainee to the jail. The pretrial detainee was not breathing upon arrival at the jail. The officers attempted resuscitating the pretrial detainee, but he died at the jail. Id.

The Fifth Circuit reversed the district court's denial of summary judgment and held there was a "dearth of evidence suggesting that defendants had subjective knowledge and a deliberate indifference to [the pretrial detainee's] needs." Id. at 326. The court noted that decontamination could have been accomplished at either the hospital or the jail (which was closer than the hospital), and there was no suggestion that the delay in decontamination caused the pretrial detainee to stop breathing. Id. at 325. The court found no evidence that the officers had knowledge of or ignored the pretrial detainee's need for immediate medical attention. Id.

Because this is before the Court on a motion to dismiss, not a motion for summary judgment as in Wagner, the Court assumes all facts alleged in the Complaint as true. Eckert, 514 F.3d at 806. Here, Plaintiff alleges that Defendant sprayed him with pepper spray, assaulted him and then left him bleeding and in pain without any medical attention. Plaintiff alleges that he informed the guards that needed immediate medical attention but they refused and left him in his cell without running water. (Compl., pp. 11-12).

At this stage of the litigation, the Court finds that Plaintiff's allegations are sufficient to withstand Defendant's Motion to Dismiss. Under Plaintiff's allegations, a reasonable factfinder could find that Defendant failed to obtain treatment for Plaintiff, despite knowledge of substantial risk of harm to Plaintiff. Plaintiff alleges that Defendant subjected him to wanton pain and suffering by failing to treat his bleeding injuries and not permitting him to decontaminate his eyes after being pepper sprayed. According to Plaintiff's allegations, Defendant improperly and maliciously refused medical treatment to Plaintiff in deliberate indifference to his obvious injuries. See Vaughan v. Lacey, 49 F.3d 1344, 1346 (8th Cir. 1995) (deliberate indifference may include intentionally delaying or denying access to medical or mental health care, or intentionally interfering with treatment).[1] The Court finds that these allegations are sufficient to show that a reasonable official standing in Defendant's shoes would have understood that ignoring Plaintiff's complaints about receiving deficient medical care contravened clearly established principles of Eighth Amendment jurisprudence. Langford v. Norris, 614 F.3d 445, 462 (8th Cir. 2010).

---

[1] Defendant notes that Plaintiff "does not dispute his own exhibit which states that he was 'assessed by medical.'" (Memorandum, p. 8 (citing Doc. No. 1-1, p. 3)). That exhibit is ERDCC's response to Plaintiff's complaint of excessive force. The Court assumes that Plaintiff provided this document to demonstrate that he exhausted his claim with the prison, not to somehow admit the results of the investigation as true. Moreover, the Court reads the allegations in the Complaint as evidence that Plaintiff disputes the ERDCC's findings.

In addition, Defendant asserts that Plaintiff's claim is barred by the doctrine of qualified immunity.[1] "Government officials who perform discretionary functions are entitled to qualified immunity unless their alleged conduct violated clearly established federal constitutional or statutory rights of which a reasonable person in their positions would have known." Ottman v. City of Independence, Missouri, 341 F.3d 751, 756 (8th Cir. 2003). The Court has two steps to analyze whether an officer is entitled to qualified immunity. First, the Court determines whether the facts as asserted by the plaintiff "show the officer's conduct violated a constitutional right." Saucier v. Katz, 533 U.S. 194, 201, 150 L. Ed. 2d 272, 121 S. Ct. 2151 (2001). If the answer is no, the Court grants qualified immunity. If the answer is yes, the Court then analyzes "whether the right was clearly established." Id. "The relevant, dispositive inquiry in determining whether a right is clearly established is whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." Id. at 202.

Plaintiff's allegations are sufficient to withstand the qualified immunity analysis. "The entitlement of the officers to qualified immunity ... turns on whether they knew of the serious medical need and were deliberately indifferent to it." Krout v. Goemmer, 583 F.3d 557, 568 (8th Cir. 2009). As discussed above, Plaintiff alleges that he notified Defendant of his alleged serious medical needs. And, in turn, Plaintiff alleges that Defendant failed to provide adequate treatment for those medical needs. Thus, Plaintiff alleges that Defendant knew of Plaintiff's serious medical need and was deliberately indifferent to it. Plaintiff's deliberate indifference claim is not barred by qualified immunity, and Defendant's motion to dismiss Plaintiff's deliberate indifference claim is denied.

## II. MOTION TO RETURN LEGAL MATERIALS

---

[1] Although Defendant does not analyze each claim with respect to their qualified immunity defense, Defendant provides the legal standard prior to discussing Plaintiff's claims. The Court assumes that Defendant asserts the qualified immunity defense to each of Plaintiff's claims.

Plaintiff moves this Court to order the return of his legal materials. Plaintiff states that his legal materials were confiscated and not returned when he moved between the ERDCC, the St. Francois County Jail and the South Central Correctional Center. (Motion to Return Legal Materials, Doc. No. 27). Defense counsel represented that the legal materials were returned to Plaintiff on February 28, 2011. (Doc. No. 28). Plaintiff has not filed anything to the contrary. Accordingly, the Court denies Plaintiff's motion to return legal materials as moot.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss (Doc. No. 17) is **GRANTED**, in part, and **DENIED**, in part, in accordance with the foregoing. Plaintiff's claims for excessive use of force, battery and assault are dismissed, without prejudice.

**IT IS FURTHER ORDERED** that Plaintiff's motion for return of legal materials (Doc. No. 27) is **DENIED** as moot.

Dated this 5th day of April, 2011.

/s/ Jean C. Hamilton

UNITED STATES DISTRICT JUDGE